IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL D. BELTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-01766-S (BT) |
| | § | |
| KINSEY STANGO, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paul D. Belton initiated this *pro se* civil action on August 8, 2023, when he filed a complaint and a motion for leave to proceed *in forma pauperis*. The Court attempted to screen his complaint, but the complaint failed to comply with Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the claims showing plaintiff is entitled to relief. Belton also failed to sign his complaint and pay the filing fee or file a properly completed financial affidavit in support of his motion for leave to proceed *in forma pauperis*. The Court sent Belton a Notice of Deficiency and Order (ECF No. 6) directing him to file a complaint in compliance with Rule 8(a), sign his complaint, and pay the filing fee or file a properly completed financial affidavit in support of his motion for leave to proceed *in forma pauperis*. The Order further informed Belton that failure to respond and cure the deficiencies by September 14 could result in a recommendation that his case be dismissed. Belton has not filed any response, a signed amended

complaint, or otherwise complied with the Court's Notice of Deficiency and Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Belton did not respond to the Notice of Deficiency and Order; nor did he file a signed complaint that complies with Rule 8(a). He has thus failed to comply with the Court's order.

The Court cannot discern Belton's claims as presented. His complaint is filed on the court-approved form, but most of the form is blank. Belton names Kinsey Stango as a defendant, and he claims that she is an Assistant District Attorney, in Dallas, Texas. Belton also names Nancy Mulder as a defendant, and he claims that she is a Judge in Dallas, Texas. He appears to

refer to a Texas criminal case, Case Number F2021391, but he does not explain how this criminal case relates to his lawsuit, if at all. Belton fails to set forth any facts to support his claims, and the "[s]tatement of [c]laim" portion of his complaint is completely blank. Compl. 4 ([ECF No. 3](#)). On his civil cover sheet, he states that his case involves an "other civil rights violation" and a "conspiracy." *Id.* at 6. Belton has also failed to suggest what relief, if any, he seeks from this lawsuit. *See id.* at 4. Thus, he fails to provide a short and plain statement of his claim(s) showing he is entitled to relief. *See* [Fed. R. Civ. P. 8(a)(2), (3)](#). This litigation cannot proceed until he cures this deficiency by filing a complaint in compliance with Rule 8(a). Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Belton's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed September 19, 2023.

                                          REBECCA RUTHERFORD
                                          UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).